## WOLFSKILL v. DOUGLAS.*

### Sac. No. 576; February 7, 1900.

#### 59 Pac. 987.

**Trial.—A Finding That All the Allegations** of the complaint are true is sufficient to support a judgment, where the complaint states a good cause of action.

**Statute of Limitations—Findings.—Where a Complaint for Money** had and received, filed July 1, 1895, alleged that the cause of action arose "on or about January, 1894," a finding that all the allegations therein are true is an adverse finding on defendant's plea of limitations.

**Statute of Frauds—Pleading.—A Mere Reference** in a plea in bar to Civil Code, section 1624 (the statute of frauds), is insufficient as a plea of such statute.

**Appeal.—A Judgment Supported by Sufficient Findings** will not be reversed because of existence of immaterial findings not within the issues.

APPEAL from Superior Court, Yolo County.

Action by John Wolfskill against James A. Douglas. From a judgment for plaintiff, defendant appeals. Affirmed.

Bush & Ish for appellant; R. Clark for respondent.

GRAY, C.—This is an action to recover $400 alleged to have been collected by defendant from one Mary A. Black in pursuance of an agreement on her part to "refund" a cer-

*See 132 Cal. 397, 64 Pac. 704.

tain $400 previously paid out by plaintiff. On appeal no objection is made to the complaint, and it seems to be conceded that it is sufficient to support the judgment. The appeal is from the judgment alone, and the record consists of the judgment-roll only, and contains no bill of exceptions. The only reason urged for a reversal of the judgment is that the findings of the court do not correspond with the allegations of the complaint, are self-contradictory, and are in ''conflict with the issues'' made by the pleadings. There are two findings of fact, numbered, respectively, 1 and 2. The matter set out in the transcript headed ''Findings,'' and purporting to be findings drawn in blank but not signed or filed, is of no significance, and will be disregarded. In finding 1 the court finds each and every allegation of plaintiff's complaint to be true. Treating the complaint as stating a cause of action—and we think it does—this finding alone is sufficient to support the judgment. It has long been held that a finding by reference to the complaint is sufficient: Johnson v. Klein, 70 Cal. 186, 11 Pac. 606; Gale v. Bradbury, 116 Cal. 39, 47 Pac. 778. The answer in the case consisted of denials of the allegations of the complaint and a plea of several statutes of limitations, and, inasmuch as the complaint was filed July 1, 1895, and shows that the cause of action set out arose ''on or about the month of January, 1894,'' the finding may properly be treated as disposing of the plea of the statute of limitations. The reference in defendant's plea in bar to section 1624 of the Civil Code (the statute of frauds), we think must be the result of a mistake, as we find no reference in appellant's brief to such statute. But, if the reference was intentional, it is certainly insufficient as a plea of the statute of frauds, and no finding as to it was necessary. We are inclined to agree with appellant's statement that the facts referred to in the second finding ''are entirely outside of the case, and have nothing whatever to do with the case''; for thus the finding appears from an inspection of the record as it now stands. Perhaps if the evidence had been brought up, it would have shown the connection. But, be that as it may, there is nothing in the second finding contradictory of the complaint or of the first finding. Everything stated in the second finding may exist just as there stated and still the allegations of the complaint be true. We may, then, treat the second finding as entirely immaterial, and regard it as sur-

plusage, and still the judgment would find support in the first finding.    We advise that the judgment be affirmed.

We concur: Haynes, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.